[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

No. 09-12261
Non-Argument Calendar
_____

D. C. Docket No. 05-00079-CV-WLS-1

THEODORE H. DAHN, IV,

                                                        Petitioner-Appellant,

versus

JAMES L. LANIER,
Warden,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 11, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Georgia state prisoner Theodore H. Dahn, IV, proceeding pro se, appeals the district court's denial of habeas relief sought pursuant to 28 U.S.C. 2254. As more fully explained below, we vacate without prejudice and remand for further proceedings.

Dahn was convicted of child molestation, aggravated child molestation, and aggravated battery. In his section 2254 petition, Dahn challenged his conviction on multiple grounds, including claims of ineffective assistance of counsel. In a supplement to his section 2254 petition, Dahn raised additional ineffective assistance of counsel claims; and in a "brief in support of amended position for writ of habeas corpus" ("Amended Petition"), Dahn raised yet additional ineffective assistance of counsel claims. After the district court granted Dahn's motion for appointment of counsel, a counseled brief in support of Dahn's section 2254 petition was filed that raised, among other things, ineffective assistance of counsel claims.

A magistrate judge issued a report and recommendation ("R&R") recommending that habeas relief be denied. The magistrate judge concluded that no claim of merit had been shown but failed to address the ineffective assistance

2

claims set out in the Amended Petition. Counsel filed an objection to the R&R, but counsel failed to object to the R&R's failure to address the Amended Petition claims. The district court adopted the R&R, also failed to address the Amended Petition claims, and denied habeas relief.

We granted a certificate of appealability ("COA") on a single issue: whether the district court erred under Clisby v. Jones, 960 F.2d 925, 935-36 (11th Cir. 1992), in failing to address the ineffective assistance of trial counsel claims alleged by Dahn in his Amended Petition.

In Clisby, we exercised our supervisory authority to direct district courts to resolve all constitutional claims presented in a section 2254 petition without regard to whether habeas relief ultimately is granted or denied. Id. When a district court fails to address all constitutional claims presented in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.

The State makes no argument that the district court addressed the ineffective assistance of counsel claims raised in the Amended Petition and concedes that remand is required. The States notes that Dahn -- both pro se and through counsel -- neglected to object to the district court's omission; the district court never was put on notice that these claims remained unaddressed. But no argument is made

3

that the absence of objection excuses the <u>Clisby</u> violation.

Because the district court's order violated <u>Clisby</u> when it omitted consideration of all of Dahn's pending constitutional claims, we vacate without prejudice and remand for further proceedings to consider the unaddressed ineffective assistance of counsel claims raised in the Amended Petition.[*]

VACATED AND REMANDED.

---

[*]To the extent Dahn seeks to argue the substantive merits of his ineffective assistance claims on appeal, his arguments are beyond the scope of the COA; we decline to consider them.